IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTIE DORMAN and
JASON DORMAN,

    Plaintiffs,

v.

RONALD CAFFEY, et al.,

    Defendants.                                                            Case No. 08-cv-254-DRH

**ORDER**

**HERNDON, Chief Judge:**

**I. INTRODUCTION**

        Before the Court are four separate Motions to Dismiss. The first is filed by defendant Ronald Caffey (Doc. 15), the second by defendant Carl Stark (Doc. 18) and the third and fourth by defendant Calvin Fuller and the Madison County State's Attorney's Office (Docs. 22 & 32).[1] Plaintiffs have filed a "Plaintiffs' More Precise Pleading & Statement of Claims" (Doc. 24), which could perhaps be construed as a Response to all of these Motions. Yet, upon its initial review, the Court is not

---

[1] The two Motions to Dismiss filed by defendant Fuller and the Madison County State's Attorney's Office are the same, except the later does not argue improper venue, as subsequent to the first Motion to Dismiss, the District Court of the Eastern District of Missouri (where this case was originally filed) found venue to be proper in this District and transferred it to this Court. Therefore, Plaintiffs' "Response" to the first Motion to Dismiss (Doc. 22) essentially also addresses the later Motion to Dismiss (Doc. 32).

satisfied that it has subject matter jurisdiction over this case. Accordingly, it must *sua sponte* dismiss Plaintiffs' Complaint without prejudice, allowing Plaintiffs leave to file an amended complaint in attempt to correct the noted jurisdictional deficiencies.

## II. BACKGROUND

Plaintiffs Jason and Christie Dorman have brought suit against defendants Ronald Caffey, Carl Stark, David Ferguson, Calvin Fuller, Carl Stark Tree Cutting & Company, the Madison County State's Attorney's Office, as well as other Unknown Defendants (Doc. 2). Plaintiffs originally filed this matter with the United States District Court for the Eastern District of Missouri, but finding venue to be improper, the Eastern District ordered that the case be transferred here (Doc. 27).[2] Plaintiffs allege they are residents of the State of Missouri and that Defendants reside in both the States of Illinois and Missouri. Plaintiffs also appear to allege Defendants have violated their constitutional rights under **42 U.S.C. § 1983**, along with "many other provisions of the United States Code under color of law."

What Plaintiffs describe to be the central crux of their injury stems from a tree that was cut down from their Alton, Illinois residence without their permission. It appears from the allegations and the attached exhibits that Plaintiffs had previously resided in Alton, Illinois, but had since moved to Missouri. Their

---

[2] The Motions to Dismiss (Docs. 15, 18 & 22), as well as Plaintiffs' More Precise Pleading & Statement of Claims (Doc. 24) were all filed prior to the transfer. Only the fourth Motion to Dismiss (Doc. 32), filed by Calvin Fuller and the Madison County State's Attorney's Office was subsequently filed.

empty residence in Alton was up for sale. Plaintiffs claim that their neighbor, Ronald Caffey, paid Carl Stark to cut down a birch tree located on Plaintiff's Alton residence. This was allegedly performed unbeknownst to Plaintiffs. Moreover, Plaintiffs claim they previously told Caffey that they did not want the tree removed, even though Caffey complained it was a nuisance. The exhibits attached to Plaintiffs' Complaint, many of which appear to be police reports, show that local police were involved, but ultimately State's Attorney Calvin Fuller determined it was a civil, not criminal matter.

In addition to these factual allegations concerning the tree, Plaintiffs make other vague and conclusory allegations in their Complaint. For example:

> Defendants have violated the rights of Plaintiffs both in the States of Missouri and Illinois in knowing breach of 42 U.S.C. section 1983 and many other provisions of the United States Code under color of law (Doc. 2 ¶ 4).
>
> Defendants have promised and provided Defendants unlawful protection of being prosecuted for felony crimes perpetrated in their contract for felony crime agreement created with Defendant law enforcement and court officer Ronald Caffey (*Id*. at ¶ 6).
>
> Defendants are engaged in a practice of labor, property and judicial racketeering in violation of the Federal "Racketeering, Influence and Corrupt Organizations Act," and other law violations (*Id*. at ¶ 11).
>
> Plaintiffs and others have continuously and respectfully requested that Defendants not administer these criminal matters and transfer them for processing by a Special Prosecutor, independent special investigators and to allow them to appear before a grand jury and be heard, because the bias and animosity Defendants have for many years harbored against Plaintiffs (*Id*. at ¶ 26).
>
> Plaintiffs adamantly state and assert that we can prove the acts by Defendants against us to be felony crimes in a court administered by an

impartial judge and jury of our peers, but that the criminal practice of law (barratry) is an embarrassment and source of economic decline in our community (*Id.* at ¶ 32).

### III. <u>JURISDICTION</u>

In this Order, the Court raises *sua sponte* the issue of whether it has subject matter jurisdiction over this case. ***See Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *McCready v. White,* 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject matter jurisdiction is the court's first duty in every lawsuit.")**. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." ***Ex parte McCardle*, 7 Wall. 506, 514 19 L.Ed. 264 (1868); *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998)**. Federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues. ***See Kreuger v. Cartwright*, 996 F.2d 928, 930-31 (7th Cir. 1993); *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986)**. Therefore, this Court has an independent obligation to assure itself of jurisdiction over the parties' controversy, bearing in mind that the party invoking federal jurisdiction bears the burden of demonstrating that the jurisdictional requirements have been met. ***Chase v. Shop 'N Save Warehouse***

***Foods, Inc.*,** **110 F.3d 424, 427 (7th Cir. 1997)**. Because Plaintiffs claim that subject matter jurisdiction exists via both federal question and diversity jurisdiction, the Court will examine both of these possibilities.

**A.    Federal Question Jurisdiction - 28 U.S.C. § 1331**

In their Complaint, Plaintiffs allege violations of their constitutional rights under **42 U.S.C. § 1983**, as well as violations of the Federal "Racketeering, Influence and Corrupt Organizations Act," and "other law violations," However, these allegations are vague and conclusory. They do contain any factual allegations to substantiate such violations of federal law. While federal courts do not require the fact-based pleading standards required by so many of the states, a plaintiff must still comply with the federal notice-based pleadings requirements, as set forth in **FEDERAL RULE OF CIVIL PROCEDURE 8**. Rule 8 states that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." **FED. R. CIV. P. 8(a)(2)**. However, the Supreme Court held that Rule 8 requires a complaint to allege "enough facts to state a claim to relief that is plausible on its face" to survive a Rule 12(b)(6) motion. ***Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007)**. In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' " by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do . . . ." ***Id.* at 1964-65 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92**

L. Ed.2d 209 (1986)).

The Seventh Circuit has read the **Bell Atlantic** decision to impose "two easy-to-clear hurdles":

> First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.' Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court.

*E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citations omitted).

Even considering the liberal federal notice pleading standards, mere conclusory allegations which lack factual assertions will not suffice. *See e.g., Mid-America Reg'l Bargaining Assoc. v. Will County Carpenters Dist. Council*, 675 F.2d 881, 886 n.13 (7th Cir. 1982)(citing *Larry R. George Sales Co. v. Coal Attic Corp.*, 587 F.2d 266, 273 (5th Cir. 1979)("A general allegation of conspiracy . . . without a statement of the facts constituting the conspiracy, is a mere allegation of a legal conclusion and is inadequate of itself to state a cause of action.")); *see also Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981), *aff'd*, 460 U.S. 325 (1983)(when dealing with a *pro se* litigant's § 1983 claim of civil conspiracy noted, "[b]ut even under the generous standard of *Haines* [(which cites the *Conley* "no set of facts" standard)], conclusory allegations unsupported by any factual assertions will not withstand a motion to

**dismiss.")(citing *Haines v. Kerner*, 404 U.S. 519, (1972)).**[3] While the Court must give leniency to *pro se* litigants, such liberal construction of Plaintiffs' Complaint still will not permit the Court to find that the allegations plausibly suggest any valid causes of action for federal law violations exist to create federal question jurisdiction. At most, the factual allegations indicate Plaintiffs likely have a cause of action for destruction to property, which, without diversity jurisdiction, is a matter for state court.

**B.    Diversity Jurisdiction - 28 U.S.C. § 1332**

The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." ***Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted)**. A defendant meets this burden by supporting its allegations of jurisdiction with "competent proof" which, in the Seventh Circuit, requires the defendant to offer evidence proving "to a reasonable probability that jurisdiction exists." ***Chase*, 110 F.3d at 427 (citations omitted)**.

Here, Plaintiffs allege they are residents of Missouri. (Because they are *pro se* and likely not schooled in jurisdictional terms of art such as "resident" versus

---

[3] Without reading too much into the Complaint, the Court cites this case law because Plaintiffs' allegations may be attempting to assert some form of civil conspiracy, as they oftentimes refer to Defendants acting together to violate Plaintiff's rights (*see, e.g.*, Doc. 2, ¶¶ 7, 12, 26-28, 32).

"citizen," the Court construe their allegation as stating that Plaintiffs are *citizens* of Missouri.) Yet, Plaintiffs also allege Defendants "reside and perform their official duties . . . in both the States of Illinois and Missouri" (Doc. 2, ¶ 2).[4] Additionally, in "Plaintiffs' More Precise Pleading & Statement of Claims" (Doc. 24), it appears that many new Defendants were added to the case caption; Plaintiffs did not allege citizenship of any of these "additional" Defendants, nor does the record indicate they were ever served.[5] If some of Defendants are, in fact, citizens of Missouri, this will destroy diversity of citizenship.

Further, Plaintiffs seek damages "in an amount in excess of $100,000," including attorneys' fees, court costs, punitive, actual and treble damages. However, the exhibits attached to Plaintiffs' Complaint show the tree that Plaintiffs allege was wrongfully cut down had an estimated replacement value of only approximately $5,000 at the most – hardly enough to meet the jurisdictional amount (which needs to be an amount exceeding $75,000). True, the "other law violations" for which Plaintiffs claim Defendants are liable may allow punitive or statutory damages that serve to meet the jurisdictional amount, however, because the Court also finds questionable whether Plaintiffs can truly state federal causes of action, it cannot

---

[4] The Court notes that in Plaintiffs' "Jurisdiction" portion of their Complaint, they allege "Plaintiffs are residents of the State of Missouri. Defendants are residents of the Stat[e] of Illinois." This conflicts with their allegation made in paragraph 2 of their Complaint and will not suffice to convince the Court that complete diversity of jurisdiction exists among the Parties. Also, it would be prudent for Plaintiffs to allege the citizenship of each Defendant, separately.

[5] The Court is unsure whether this was filed as a Response to several of the pending Motions to Dismiss, as discussed earlier in this Order, or as Plaintiffs' attempt to file an Amended Complaint. It will not be construed as an Amended Complaint, however, as it would not serve in correcting the jurisdictional deficiencies existing in the initial Complaint.

consider such punitive or other statutory damages when considering the amount in controversy.

## IV. CONCLUSION

Upon review, the Court is not convinced by the allegations of Plaintiffs' Complaint that it has subject matter jurisdiction over this matter, either pursuant to federal question jurisdiction or diversity. **28 U.S.C. §§ 1331, 1332**. Accordingly, it hereby *sua sponte* **DISMISSES WITHOUT PREJUDICE** Plaintiffs' Complaint (Doc. 2), allowing Plaintiffs leave to file an Amended Complaint by **November 21, 2008**, in order to attempt to correct the jurisdictional deficiencies noted by the Court herein. Should Plaintiffs fail to timely file an Amended Complaint or seek an extension of time to do so, the Court will thereafter close the case file. Lastly, Defendants' pending Motions to Dismiss (Docs. 15, 18, 22 & 32) are hereby **FOUND AS MOOT**.

**IT IS SO ORDERED**.

Signed this 17th day of October, 2008.

/s/ *David R Herndon*
**Chief Judge**
**United States District Court**