IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHRISTIE DORMAN and**
**JASON DORMAN,**

    **Plaintiffs,**

v.

**RONALD CAFFEY, et al.,**

    **Defendants.**                                      Case No. 08-cv-254-DRH

**MEMORANDUM & ORDER**

**HERNDON, Chief Judge:**

        Because it was unconvinced that it had subject matter over this case, either pursuant to federal question or diversity jurisdiction, on October 17, 2008, the Court entered an order (Doc. 42) dismissing Plaintiffs' Complaint without prejudice, allowing them until November 21, 2008 to file an Amended Complaint. Because Plaintiffs were proceeding *pro se*, the Court mailed a hard copy of this order to the mailing address provided by Plaintiffs in their Complaint (Doc. 2). Noting that Plaintiffs had failed to timely file an Amended Complaint, the Court entered a further order on March 5, 2009, dismissing the case without prejudice (Doc. 49). Again, a hard copy of this order was mailed to Plaintiffs at their mailing address, as reflected by the docket sheet.

        Now before the Court is Plaintiffs' Request for Hearing & Motion to

Vacate the Court's March 5, 2009 Order Dismissing Case (Doc. 50), filed by Plaintiffs on March 8, 2010.  Defendants have timely responded to Plaintiffs' Motion (Doc. 51). Although Plaintiffs request a hearing, the Court does not find one will be necessary for it to properly rule upon their Motion.  Thus, the Court will now turn to the issues presented therefrom.

In support of their Motion, Plaintiffs assert that the dismissal of their Complaint was wrongful (Doc. 50, ¶ 2).  They claim to have pending motions yet unheard (*Id.* at ¶ 1).  Plaintiffs also believe they have a constitutional right to counsel (*Id.* at ¶ 3).  Without counsel, Plaintiffs claim, they are hindered from obtaining justice or perfecting their Complaint (*Id.* at ¶¶ 6-8 & 12).  Lastly, and perhaps most crucial to their Motion, Plaintiffs assert that they did not receive proper notice of the Court's previous dismissal order (*Id.* at ¶ 10) and that they "just discovered at the end of last week the complaint against the Defendants has been dismissed" (*Id.* at ¶ 9).

Plaintiffs do not cite any legal authority or rule that permits them to bring their Motion to Vacate the Court's Order, however, as Defendants proffer, the Court will construe Plaintiffs Motion as made pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 60(b)**.[1]  Essentially, "'Rule 60(b) relief is an extraordinary remedy and

---

[1] Defendants also interpret Plaintiffs' Motion as one asking the Court to reconsider its March 5, 2009 decision, whereby such a request could also be made pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 59(e)** (Doc. 51, p. 3)..  Rule 59(e) allows a party to move to alter or amend the judgment within twenty-eight days of its entry.  However, because judgment was never entered in this case as Plaintiffs' Complaint was dismissed *without* prejudice, this Rule would not apply. Further, Plaintiffs' Motion was made more than a year after the case was dismissed.

is granted only in exceptional circumstances.'" ***Karraker v. Rent-A-Center,* Inc., 411 F.3d 831, 837 (7th Cir. 2005)(quoting *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir. 1997))**. Rule 60(b) allows a party to seek relief from a final judgment, order, or other proceeding for one of the following six reasons as set forth in the provision:

>  (1) mistake, inadvertence, surprise, or excusable neglect;
>
>  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>  (4) the judgment is void;
>
>  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>  (6) any other reason that justifies relief.

**F****ED****. R. C****IV****. P. 60(b)**.

Rule 60(c)(1) requires that parties filing motions pursuant to Rule 60(b) do so "within a reasonable time." **F****ED****. R. C****IV****. P. 60(c)**. However, a Rule 60(b) motion that is made regarding subsections (1) through (3) (as listed above), must be made "no more than a year after the entry of the judgment or order or date of the proceeding" from which that party seeks relief. Plaintiffs' Motion, as Defendants suggest, seems best construed as arguing under Rule 60(b)(1) that either the Court dismissed Plaintiffs' Complaint due to a mistake or else Plaintiffs are arguing that

their failure to timely file an Amended Complaint was the result of their excusable neglect.

First, if Plaintiffs are actually arguing that the Court made a mistake of law or fact when it dismissed Plaintiffs' Complaint without prejudice, the argument is without merit. Plaintiffs' Motion to Vacate does nothing to explain what this "mistake" might have been, other than their assertion that the "[d]ismissal of this judicial action is wrongful." However, even a liberal construction afforded to a *pro se* litigant's arguments will not allow such mere conclusory allegations to stand without any substantiation. Plaintiffs may, of course, be attempting to argue that the Court's failure to appoint counsel on their behalf amounts to the asserted "wrongful" nature of the dismissal, as they claim that without counsel they were unable to properly litigate this case or perfect their Complaint. However, this will also not amount to the Court's mistake, because, contrary to Plaintiff's assertion, they do not have a constitutional right to counsel in a *civil* case. **Hudson v. McHugh, 148 F.3d 859, 862 n.1 (7th Cir. 1998)**. The Constitution only guarantees a right to counsel in criminal matters. **U.S. CONST. amend. VI.** Finally, the docket does not reveal that Plaintiffs ever filed a Motion to Appoint Counsel, and if so, they certainly did not move pursuant to the requirements as set forth in **Pruitt v. Mote, 503 F.3d 647,**

654 (7th Cir. 2007).[2]

Regarding the possibility that Plaintiffs are claiming that their failure to timely file the amended complaint was because they "just discovered" their Complaint had been dismissed, will also not amount to excusable neglect. "[T]he determination of what amounts to 'excusable neglect' under Rule 60(b) is 'at bottom an equitable one, taking account of all the relevant circumstances surrounding the party's omission.'" **Robb v. Norfolk & Western Ry. Co., 122 F.3d 354, 359 (7th Cir.1997) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)) (emphasis in original)**. The relevant circumstances for courts to consider regarding excusable neglect include: (1) the reasons for the delay, including whether it was within the reasonable control of the movant; (2) the danger of prejudice to the defendant; (3) the length of the delay and its potential impact on judicial proceedings; and (4) whether the movant acted in good faith. ***Id***. Here, it is clear from the record that the Court mailed copies of both its October 17, 2008 order (Doc. 42) dismissing Plaintiffs' Complaint without prejudice and granting them leave to amend their Complaint, and its March 5, 2009 order (Doc. 49) dismissing the case without prejudice (Doc. 49). Copies of these orders were sent to the mailing address provided by Plaintiffs. All filing parties, such as Plaintiffs, remain under the

---

[2] When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the indigent [movant] made reasonable efforts to retain counsel or been effectively precluded from making such efforts before requesting appointment" and "(2) given the difficulty of the case, [does the movant] appear to be competent to try it himself." ***Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citations and internal quotes omitted)**.

continuing obligation to keep the Court apprised of any changes of address to ensure proper service. Therefore, if the copies of these orders were sent to an old address, that is due to the fault of the Plaintiffs, not the Court. Further, it appears to the Court that it was within Plaintiffs' "reasonable control" to provide the Court with any change of address, which may have alleviated any service problems altogether.

Lastly, the Court notes Plaintiffs incorrectly assert that they have pending motions which were not ruled upon prior to the dismissal of their case. This too, does not warrant vacating the Court's dismissal order as when it dismissed the case, any pending motions thereafter were rendered moot and are, consequently, no longer pending in this closed case.

For the reasons stated herein, Plaintiffs' Request for Hearing & Motion to Vacate (Doc. 50) is hereby **DENIED**.

**IT IS SO ORDERED**.

Signed this 19th day of April, 2010.

/s/ David R Herndon
**Chief Judge**
**United States District Court**